UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RICHARD ISAACS JACKSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:20-CV-456-HAB-SLC |
| MARION POLICE DEPARTMENT, et al., | |
| Defendants. | |

OPINION AND ORDER

Richard Isaacs Jackson, a prisoner without a lawyer, is currently detained at the Grant County Jail and filed suit against several people involved in his arrest and ongoing criminal proceedings. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jackson attached copies of police reports, warrants, and other related documents to his complaint. Under Federal Rule of Civil Procedure 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." When the plaintiff references and relies on it, "the contents of that document become

part of the complaint and may be considered as such when the court [determines] the sufficiency of the complaint." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

Jackson became a subject of a police investigation after a 17-year-old girl reported that she had been held against her will, drugged, and sexually assaulted over a two-month period. ECF 1-3 at 1, 8-10. She identified Jackson as the person who supplied her captor with drugs and reported that she had seen drugs at Jackson's house. *Id.* at 9-10, 13-14. Based on this information, Detective Timothy Pauley filled out an affidavit to obtain a search warrant for Jackson's home. *Id.* at 10. Prosecutor Jared Bryant Marks reviewed the affidavit, and Judge Mark Spitzer held a probable cause hearing and issued the warrant. *Id.* at 10, 29.

Officers surveilled the house while waiting for the Emergency Response Team to arrive and saw Jackson drive away. ECF 1-3 at 10, 12-14. Sergeant Bryan Ridgeway initiated a traffic stop after Detective Sergeant Josh Zigler reported that he had seen the driver commit a traffic infraction. *Id.* at 4. Jackson and the other occupants of the car were taken to the police department to be interviewed. *Id.* Sergeant Ridgeway's K9 dog indicated the presence of narcotics in the car. *Id.* A later search of the car revealed several cell phones and a sawed-off shotgun in a backpack. *Id.* at 15.

Meanwhile, a search of the home revealed drugs and guns. ECF 1-3 at 15-17. Jackson was arrested and charged with drug, gun, and other offenses. *Id.* at 32, 35. He is being held on a $1,000,000 bond. *Id.* at 32. A motion to suppress was filed in his criminal case, *id.* at 38, but its resolution is unknown.

First, Jackson contends that the entire investigation and prosecution are invalid because they are racially motivated. The equal protection clause protects an individual against selective prosecution based on race. *United States v. Armstrong*, 517 U.S. 456, 464-65 (1996). However, a necessary element of such a claim is "that similarly situated individuals of a different race were not prosecuted." *Id.* at 465. The complaint identifies no such similarly situated person.

Next, Jackson claims his Fourth Amendment rights were violated because the search warrant was defective. He contends that the 17 year old's statements—the basis for the search warrant—were self-serving and unreliable. A search warrant is valid if it (1) is issued by a neutral, disinterested magistrate; (2) establishes probable cause that the evidence sought will aid in obtaining a conviction of a particular offense; and (3) particularly describes the things to be seized and the place to be searched. *Dalia v. United States*, 441 U.S. 238, 255 (1979). "An arrest or search pursuant to a valid warrant is presumptively constitutional unless the officer seeking the warrant intentionally or recklessly misstated or omitted material facts to obtain the warrant, and there would not have been probable cause had the testimony been accurate." *Gatzimos v. Garrett*, 431 Fed. Appx. 497, 500 (7th Cir. 2011).

Jackson does not plausibly allege any material facts were misstated or omitted to obtain the warrant. He states that evidence found while searching the house where the girl was held proves that her statements were false, but he does not explain what that evidence was or how it discredits her statements. This allegation is insufficient to call the validity of the warrant into question.

3

Jackson also sues Captain Michael Ross, claiming that Captain Ross searched his house and car without a warrant because the warrants to search his home and car were not issued until after the searches were conducted. This is not supported by the record. The search warrant for the home was issued on August 5, 2020, at 7:12 p.m. ECF 1-3 at 30. The search of the house happened at 8:35 p.m. *Id.* at 21. As for the search of the car, Jackson offers nothing more than speculation that the car was not searched pursuant to a valid warrant. *See id.* at 15, 18 (narration of search of the car); 24-25, 33 (search warrant for car); 34 (probable cause affidavit that includes details of the traffic stop). He has provided no facts to explain why he believes the search was invalid.

Next, Jackson contends the traffic stop was invalid. The police report stated that Detective Ridgeway pulled Jackson over for a traffic violation witnessed by Detective Sergeant Zigler. Probable cause to believe that a person has violated the traffic code makes a traffic stop reasonable under the Fourth Amendment, regardless of an officer's subjective intent in making the stop. *Whren v. United States*, 517 U.S. 806, 812-13 (1996). Detective Ridgeway was allowed to stop Jackson based on the observations of another officer. *See United States v. Williams*, 627 F.3d 247, 252 (7th Cir. 2010) ("The collective knowledge doctrine permits an officer to stop, search, or arrest a suspect at the direction of another officer or police agency, even if the officer himself does not have firsthand knowledge of facts that amount to the necessary level of suspicion to permit the given action."). Jackson's statement that Detective Ridgeway "had no reason to stop" his vehicle is not enough to state a claim. ECF 1 at ¶ 20.

4

Jackson includes a claim against Detective Sergeant Zigler and Detective Ridgeway for allegedly not reading him his *Miranda* warnings. Assuming this is true, police officers cannot be sued under § 1983 for not giving *Miranda* warnings. *See Hensley v. Carey*, 818 F.2d 646, 650 (7th Cir. 1987) ("No rational argument can be made in support of the notion that the failure to give *Miranda* warnings subjects a police officer to liability under the Civil Right Act § 1983." (brackets omitted) (quoting *Bennett v. Passic*, 545 F.2d 1260, 1263 (10th Cir. 1976)).

Jackson sues Prosecutor Marks and Judge Jeffrey Todd, the judge in his criminal case, for imposing excessive bond. However, both the prosecutor and the judge have absolute immunity for any actions done in the course of a judicial proceeding. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (noting long history of "immunity of judges from liability for damages for acts committed within their judicial jurisdiction"); *Imbler v. Pachtmen*, 424 U.S. 409, 430 (1976) (holding that prosecutor has absolute immunity for activities "intimately associated with the judicial phase of the criminal process"). The bond hearing is part of the judicial phase of the criminal process and therefore neither of them can be sued for events stemming from the hearing. *See Cannon v. Newport*, 850 F.3d 303, 307 (7th Cir. 2017) ("[Plaintiff's] claim that the judge set excessive bail in violation of the Eighth Amendment also fails, because the defendants whom he sued are entitled to immunity, having acted either as lawyers for the state or in a judicial capacity."). Judicial immunity likewise prevents Jackson from suing Judge Todd based on his other complaints about how his criminal case is proceeding.

Jackson includes the Marion Police Department as a defendant, but the police department is not a person or a policy-making unit of government that can be sued for constitutional violations under § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (concluding municipal police departments in Indiana are not a suable entity). Therefore, Jackson cannot proceed against the Marion Police Department.

The remaining allegations in the complaint are legal conclusions without a factual basis. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (quotation marks and citation omitted). None of the remaining allegations state a claim.

Ordinarily, the court should afford a *pro se* litigant an opportunity to replead before dismissing the case with prejudice. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Humid v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Here, it would be futile to allow Jackson to proceed against the two judges, who are absolutely immune from suit, and the Marion County Police Department, which is not a suable entity. Therefore, they will be dismissed. However, Jackson will be given the opportunity to file an amended complaint against the remaining defendants if he believes that he can state a viable claim for relief. The amended complaint must provide as much factual detail as possible about the events in question.

For these reasons, the court:

(1) DISMISSES Marion Police Department, Mark D. Spitzer, and Jeffrey D. Todd;

(2) DIRECTS the clerk to write this cause number on a Blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and send it to Richard Isaac Jackson;

(3) GRANTS Richard Isaac Jackson until **May 24, 2021**, to file an amended complaint as described above; and

(4) CAUTIONS Richard Isaac Jackson that if no response is received by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on April 22, 2021.

    s/ Holly A. Brady
    JUDGE HOLLY A. BRADY
    UNITED STATES DISTRICT COURT