UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RICHARD ISAACS JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY PAULEY,<br><br>Defendant. | CAUSE NO. 1:20-CV-456-HAB-SLC |

OPINION AND ORDER

Richard Isaacs Jackson, a prisoner without a lawyer, filed a complaint against several people involved in his arrest and ongoing criminal proceedings. ECF 1. The court screened the complaint as required by 28 U.S.C. § 1915A and determined that it did not state a claim upon which relief could be granted but allowed Jackson to submit an amended complaint. ECF 11. Jackson has done so, and now the court must review the merits of the amended complaint to determine if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

The details of the criminal investigation against Jackson, gleaned from police reports attached to the complaint, can be found in the court's prior order. ECF 11. As relevant here, the police obtained a warrant to search Jackson's home, where they

suspected he had drugs based largely on statements of a 17-year-old girl who reported that she had seen drugs there. Jackson alleges that Detective Timothy Pauley submitted an affidavit in support of the warrant that contained information that he knew was false or recklessly included in blatant disregard of the truth. ECF 12 at 2. Specifically, Detective Pauley included a false statement from the girl and left out details of inconsistencies in the witness's story discovered during the investigation. *Id.*

A search warrant is valid if it (1) is issued by a neutral, disinterested magistrate; (2) establishes probable cause that the evidence sought will aid in obtaining a conviction of a particular offense; and (3) particularly describes the things to be seized and the place to be searched. *Dalia v. United States*, 441 U.S. 238, 255 (1979). A search pursuant to a valid warrant is presumptively constitutional but may be challenged "on a showing that the officer who sought the warrant knowingly or intentionally or with a reckless disregard for the truth, made false statements to the judicial officer, and that the false statements were necessary to the judicial officer's determination that probable cause existed . . .." *Whitlock v. Brown*, 596 F.3d 406, 410 (7th Cir. 2010) (quotation marks and brackets omitted). Or a plaintiff may show "that the officer intentionally or recklessly withheld material facts from the warrant-issuing judge." *Id.* at 410-11. "The key question here is whether the omitted [or false] details were indeed material to the probable-cause determination, a question we approach by asking whether a hypothetical affidavit that included the omitted [and truthful] material would still establish probable cause." *Leaver v. Shortess*, 844 F.3d 665, 669 (7th Cir. 2016) (quotation marks omitted). Giving Jackson the inferences he is entitled to at this stage, he has

2

plausibly alleged that Detective Pauley included false witness statements in the probable cause affidavit and intentionally or recklessly omitted inconsistencies in the witness's statements in violation of the Fourth Amendment.

Jackson's allegations about selective enforcement are too vague to state a claim. The equal protection clause protects an individual against selective prosecution based on race. *United States v. Armstrong*, 517 U.S. 456, 464-65 (1996). However, a necessary element of such a claim is "that similarly situated individuals of a different race were not prosecuted." *Id.* at 465. Jackson contends that he was singled out for prosecution and that "5 white defendant[s] walked free and the plaintiff remained incarcerated." ECF 12 at 7. But the complaint contains no information about the white defendants and whether they were also under investigation for similar drug crimes. Jackson needed to identify people "who were not black and could have been prosecuted for the offenses for which [he was] charged, but were not so prosecuted." *Id.* at 470. His allegations are too vague.

For these reasons, the court:

(1) GRANTS Richard Isaacs Jackson leave to proceed against Timothy Pauley in his individual capacity for compensatory and punitive damages for omitting or misstating material facts in obtaining a warrant to search Jackson's house in August 2020 in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on

Timothy Pauley at the City of Marion Police Department, 301 S. Branson St., Marion, IN 46952, with a copy of this order and the complaint (ECF 12), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the City of Marion Police Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Timothy Pauley to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 9, 2021.

s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT